T.C. Memo. 1999-169


UNITED STATES TAX COURT


SAMUEL K. RASCO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8935-98.                    Filed May 18, 1999.


Samuel K. Rasco, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.


MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1995 in the amount of $3,667.

The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to an earned income credit.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Las Vegas, Nevada, on the date the petition was filed in this case.

Petitioner worked for D.I. & Eastern Texaco during 1995. On his 1995 return, he reported wages in the amount of $13,957 and unemployment compensation in the amount of $705.

Lisa K. Froemel moved into petitioner's apartment in the summer of 1991. Ms. Froemel has three children from two previous marriages. Her daughter from her first marriage, Amber R. Franks, was born in 1980. Her son from her first marriage was not identified by name in the record. Her son from her second marriage, Joshua D. Noble, was born in 1985. Amber and Joshua lived with petitioner and Ms. Froemel continuously from November 1991 through 1995. During 1995, Ms. Froemel received welfare payments of approximately $400 per month. She also received food stamps during 1995. She did not receive any support payments

from the fathers of her children during 1995.  Ms. Froemel did not work while she lived with petitioner.

Petitioner's rent for his apartment during 1995 was $635 per month.  Ms. Froemel contributed $300 per month toward the rent.  She used her monthly food stamps to buy groceries for the apartment.  Petitioner paid for all of the other household expenses.  He also paid for Joshua's and Amber's clothing during 1995.

The first issue for decision is whether petitioner is entitled to dependency exemption deductions.  On his 1995 return, petitioner claimed dependency exemption deductions for Ms. Froemel, Joshua, and Amber.  In the statutory notice of deficiency, respondent disallowed the claimed deductions.

An individual taxpayer is allowed as a deduction in computing taxable income an additional exemption for each dependent as defined in section 152.  See sec. 151(c)(1).  A dependent is generally defined as an individual who receives over half of his support from the taxpayer in the calendar year in which the taxpayer's taxable year begins.  See sec. 152(a).  Individuals listed under this general definition include, among others, an individual who for the taxable year of the taxpayer has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.  See sec. 152(a)(9).

Petitioner testified that Ms. Froemel, Joshua, and Amber moved out of his apartment in October 1996. Petitioner also submitted a notarized statement from James and Annette Bunty, who operated D.I. & Eastern Texaco and lived in petitioner's neighborhood during all times relevant to this case. In their notarized statement, James and Annette Bunty state that Ms. Froemel, Joshua, and Amber lived with petitioner "during the year of 1995". Based on the record, we find that Ms. Froemel, Joshua, and Amber were members of petitioner's household for his entire 1995 taxable year.[2] See sec. 1.152-1(b), Income Tax Regs. We further find that petitioner has proved that he provided more than half of Ms. Froemel's, Joshua's, and Amber's support during 1995, predicated upon our review and particular analysis of the evidence introduced at trial. The following chart summarizes our analysis of the evidence:

---

[2] At trial, respondent's counsel stated that petitioner had previously provided respondent with a copy of the notarized statement and that respondent had no objection to the notarized statement being admitted as evidence. There is no evidence in the record which disputes petitioner's testimony that Ms. Froemel, Joshua, and Amber moved out of his apartment in October 1996.

Total contributions to the support of petitioner,
Ms. Froemel, Amber, and Joshua during 1995 in the
amount of $21,913:

Petitioner

| | |
|---|---|
| Wages | $13,957 |
| Unemployment | 705 |
| Income tax | (1,030) |
| Social Security taxes | (1,073) |
| 1994 Refund | 3,054 |
| Total | 15,613 |

Ms. Froemel, Amber, & Joshua

| | | |
|---|---|---|
| Welfare | $4,800 | (12 x 400/month) |
| Food stamps | 1,500 | (12 x 125/month) |
| Total | 6,300 | |

Total support per individual:  $5,478 (21,913 ÷ 4)

| | Total | Petitioner | Ms. Froemel | Amber | Joshua |
|---|---|---|---|---|---|
| Total | $21,913 | $5,478 | $5,478 | $5,478 | $5,478 |
| Welfare – stamps* | 6,300 | 0 | 2,100 | 2,100 | 2,100 |
| Petitioner | 15,613 | 5,478 | 3,378 | 3,378 | 3,378 |

*Assume welfare/food stamps are allocated equally to
 Ms. Froemel, Amber, and Joshua - no evidence in record
 of allocation.

Petitioner provided 62% of Ms. Froemel's, Amber's, and
Joshua's support ($3,378/$5,478).

We hold that petitioner is entitled to dependency exemption
deductions for 1995 for Ms. Froemel, Joshua, and Amber.

The second issue for decision is whether petitioner is
entitled to head of household filing status.  Petitioner claimed
head of household filing status on his 1995 return.  In the
statutory notice of deficiency, respondent disallowed the claimed
filing status.

"Head of household", as relevant here, is defined as an unmarried taxpayer who maintains as his home a household which constitutes for more than one half of the taxable year the principal place of abode of an individual for whom the taxpayer is entitled to a dependency exemption deduction under section 151. See sec. 2(b)(1)(A)(ii). A taxpayer is considered as maintaining a household only if he furnishes over half of the cost of maintaining the household during the taxable year. See sec. 2(b)(1).

Based on the record, we find that petitioner furnished over half of the cost of maintaining his apartment during 1995. We further find that he meets the other requirements of section 2(b) and hold that he is entitled to head of household filing status for 1995.

The third issue for decision is whether petitioner is entitled to an earned income credit. Petitioner claimed an earned income credit for 1995 in the amount of $2,426 with Joshua and Amber listed as his qualifying children. In the statutory notice of deficiency, respondent disallowed the claimed credit.[3]

---

[3] Respondent stated in his trial memorandum that his adjustment for "recapture of the earned income credit [is] computational" based on the Court's holdings on the other issues in this case. Respondent misstates the law applicable to this case. Petitioner's entitlement to the sec. 32 earned income credit for 1995 is not conditioned on petitioner's entitlement to dependency exemption deductions under sec. 151 or head of household filing status under sec. 2(b). The statutory language which previously linked those issues was removed by the Omnibus
(continued...)

Section 32(a) generally provides for an earned income credit in the case of an "eligible individual". In pertinent part, section 32(c)(1)(A)(i) defines an "eligible individual" as an individual who has a "qualifying child" for the taxable year.

Based on the record, we find that Joshua and Amber each satisfy the requirements for a qualifying child with respect to petitioner for 1995. See sec. 32(c)(3)(A)(i) through (iii). Based on his income and the earned income credit tables prescribed pursuant to section 32(f), we hold that petitioner is entitled to an earned income credit for 1995 in the amount of $2,426.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.

---

[3](...continued)
Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11111, 104 Stat. 1388, 1388-408, effective for taxable years beginning after December 31, 1990. Moreover, our holdings with respect to the first two issues in this case have no bearing on petitioner's adjusted gross income or earned income, which are used to compute the amount of petitioner's sec. 32 earned income credit.